Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aaron David Kameyer,<br><br>　　　　Plaintiff,<br>　v.<br><br>Apple NorCal LLC,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

Plaintiff Aaron David Kameyer ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Apple NorCal LLC ("Apple Norcal") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the Applebee's Neighborhood Grill & Bar located at 1790 E Main Street in Woodland, California ("Applebee's").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Apple Norcal is a Delaware limited liability company with its principal place of business in San Francisco, California. At all times relevant to this complaint, Apple Norcal owned, managed, operated, and/or was otherwise responsible for the Applebee's.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331

and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Applebee's is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled.

7. Plaintiff suffers from seizures and a panic disorder.

8. Plaintiff utilizes a service animal to help with his disabilities.

9. Plaintiff's service dog is specifically trained to detect the signs of Plaintiff's anxiety and alert Plaintiff to the onset of an episode. Plaintiff's service animal is also specifically trained to alert strangers nearby if Plaintiff becomes incapacitated because of a seizure. Plaintiff's service animal received training from a local animal welfare society. Plaintiff also worked with the trainer to learn the skills required to be a competent service animal handler.

10. Plaintiff's service animal allows Plaintiff to go about his daily life with more confidence and security. Without a service dog by his side, Plaintiff would not be able to live as independently as he does currently.

11. On February 10, 2023, Plaintiff visited the Applebee's with his service dog.

12. Plaintiff lives in Woodland less than three miles from the Applebee's.

13. While in the Applebee's, Defendant denied Plaintiff service and instructed him to leave the restaurant because of the presence of Plaintiff's service animal.

14. Strangely, Defendant's employee told Plaintiff that he did not like the "look" of Plaintiff's service dog, and that was one of the reasons why he was denying Plaintiff the ability to bring his trained service animal into the restaurant.

//

//

15. When Plaintiff attempted to stand up for his rights as a disabled person utilizing a trained service dog, Defendant's employee became belligerent and threatened to call the police. This greatly unsettled and embarrassed Plaintiff.

16. Facing no other options, Plaintiff was forced to leave Applebee's.

17. Plaintiff would like to return to the Applebee's once they cease their discriminatory conduct. The restaurant is very convenient because it is less than three miles from Plaintiff's home, and Plaintiff generally enjoys the food and atmosphere at Applebee's.

18. It is crucial for restaurants to allow individuals with disabilities to bring their service animals with them. For people with seizures and panic disorders, having a service animal that is trained to detect the signs of an episode and provide assistance is not only necessary for their health and safety, but also for their quality of life. Service animals are trained to respond to their handler's specific needs, which can be critical in managing their condition.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

19. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

20. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

21. The Applebee's is a public accommodation.

22. The Applebee's is a restaurant, bar, or other establishment serving food or drink.

23. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

24. Apple Norcal has a policy that restricts and denies access to persons like Plaintiff.

25. Apple Norcal's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

26. As a result of Apple Norcal's conduct, denying Plaintiff equal access to the Applebee's, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Applebee's.

27. It is readily achievable for Apple Norcal to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Applebee's.

28. Apple Norcal does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

29. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Applebee's, in light of Apple Norcal's conduct.

30. Apple Norcal's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

31. Plaintiff seeks injunctive relief as to Apple Norcal's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

32. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

33. Apple Norcal intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Applebee's.

34. Applebee's is a business establishment.

35. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

36. Apple Norcal's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

37. Plaintiff was harmed.

38. Apple Norcal's conduct was a substantial factor in causing Plaintiff's harm.

39. Apple Norcal's conduct violated the ADA.

40. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

41. Plaintiff also seeks to enjoin Apple Norcal from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Apple Norcal from engaging in unlawful discrimination against disabled persons with service animals when visiting the Applebee's, including, specifically, enjoining its policy of denying access to persons with service animals access to the Applebee's without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: March 30, 2023

Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff